UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTHONY ANDERSON,

    PETITIONER,

v.                                                 ACTION NO. 2:13cv223

HAROLD W. CLARKE,
Director, Virginia Department of Corrections,

    RESPONDENT.

## REPORT AND RECOMMENDATION

Before the Court is Petitioner Anthony Anderson's petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 ("petition"), ECF No. 1, and the Respondent's motion to dismiss, ECF No. 10. The motion to dismiss was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs, the undersigned disposes of the motion to dismiss on the papers without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). For the following reasons, the undersigned finds Anderson's claims are procedurally defaulted and time-barred, and therefore, **RECOMMENDS** that the Respondent's motion to dismiss, ECF No. 10, be **GRANTED** and Anderson's petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

After pleading guilty, Anderson was convicted on March 25, 1985 in the Virginia Circuit

Court for the County of Chesterfield of the following charges and sentenced to a total term of seventy (70) years imprisonment: (1) murder (30 years); (2) robbery (15 years); (3) robbery (15 years); (4) use of a firearm in commission of murder (4 years); (5) use of a firearm in commission of robbery (4 years); and (6) use of a firearm in commission of robbery (2 years); all terms of imprisonment were to run consecutive to one another.[1] Anderson did not directly appeal these convictions, nor did he previously file a state habeas corpus petition related to these convictions. Anderson now raises the following claims in the instant habeas petition filed pursuant to 28 U.S.C. § 2254:

1. "Ineffective assistance of counsel when trial counsel materially misadvised petitioner with respect to his eligibility for parole release. Petitioner entered a[n] un[intelligent] plea at the age of sixteen (16) years old. At that time trial counsel informed petitioner that it would be best if he pleaded guilty to the offenses and petitioner would be eligible for parole release after serving twelve (12) years. Now the Virginia Parole Board informed the petitioner he is not eligible for parole release." ECF No. 1 at 5.

2. "Petitioner alleges the plea agreement was breached because trial counsel told petitioner after petitioner served twelve (12) years he would be release[d], which induced petitioner to enter into the plea agreement. Petitioner has been incarcerated for well over 20 years without the possibility of parole, violating the Fifth Amendment due process and petitioner's Fourteenth Amendment of equal protection of law, obtaining a plea agreement from a minor (16) years old without his parents

---

[1] This term of imprisonment was to run consecutive to additional prior convictions from the Circuit Court for the City of Richmond, which are not the subject of Anderson's petition: (1) October 5, 1984: rape, burglary, abduction, robbery, and two firearm offenses (life imprisonment plus 71 years); (2) January 25, 1985: murder, abduction, and escape (life imprisonment plus 51 years); and (3) February 7, 1985: abduction (10 years).

being informed." *Id.* at 7.

3. "Petitioner's guilty plea must be withdrawn because a manifest injustice occurred by counsel's giv[ing] petitioner misadvice [sic] concerning petitioner's parole eligibility and serving only twelve years." *Id.* at 8.
4. "Counsel was ineffective by advising petitioner and the correctional department that his office will be representing petitioner relative to petitioner's efforts to be declared parole eligible, and if the parole board's ruling is adverse counsel would be seeking to have certain convictions set aside, [but] counsel never fil[ed] a writ of habeas corpus as he stated. Petitioner has been adversely effected [sic] and sever[ely] harmed, and at the mercy of the court. See attached copy of counsel's letter stating the above." *Id.* at 10.

The Virginia Attorney General, on behalf of the Respondent, filed a Rule 5 Answer, motion to dismiss the petition, memorandum in support, and a *Roseboro* notice on September 16, 2013. ECF Nos. 9-12. Anderson filed a response in opposition to the Respondent's motion to dismiss on October 3, 2013. ECF No. 13. The Respondent did not file a reply brief and the time to do so has expired. Therefore, the motion to dismiss is ripe for recommended disposition.

## II. PROCEDURAL ISSUES

### A. Exhaustion

28 U.S.C. § 2254 petitions challenge a state's custody of a prisoner "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner

must exhaust all available state remedies before he can apply for federal *habeas* relief." *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998) (citing 28 U.S.C. § 2254(b); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To exhaust state remedies, a *habeas* petitioner must fairly present the substance of his claim to the state's highest court." *Id.* (citing *Matthews*, 105 F.3d at 911). In Virginia, that court is the Supreme Court of Virginia. "The burden of proving that a claim is exhausted lies with the *habeas* petitioner." *Id.* (citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

The Respondent contends that Anderson failed to exhaust his state court remedies as to all four claims, because he never filed a state court habeas. ECF No. 11 at 4-5. Moreover, the Respondent notes that Anderson also never filed a direct appeal of his convictions. *Id.* Anderson does not claim he exhausted his remedies in state court, but instead makes conclusory allegations without any factual support that state court process was unavailable, and that the Respondent's allegations are untrue. ECF No. 1 at 2-5; *see also* ECF No. 13 at 2 ("In response to Respondent's motion to dismiss, because I did not go to state court, please note there was an absence of available state corrective process."); *but see id.* at 3 ("In response to Respondent's claims that I did not previously file in state court to correct this issue, this is untrue."). Aside from Anderson's conclusory statements, there is no evidence before the Court that Anderson ever presented any of the instant claims to the Supreme Court of Virginia in a state habeas petition. Accordingly, the Court would find that Anderson failed meet his burden, and the four claims in the instant petition are unexhausted. *Breard*, 134 F.3d at 618.

### B. Procedural Default

"A distinct but related limit on the scope of federal *habeas* review is the doctrine of

procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a *habeas* petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the *habeas* petitioner has procedurally defaulted his federal *habeas* claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "A state procedural rule is adequate if it is 'regularly or consistently applied by the state court' and is independent if it does not rely on a rule of federal constitutional law." *Silk v. Johnson*, No. 3:08cv271, 2009 WL 742552, at *2 (E.D. Va. Mar. 20, 2009) (quoting *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1994) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985))). "After determining that a state court relied on an adequate and independent state-law ground for decision, [courts] 'may . . . not [inquire] into whether the state court properly applied its own law.'" *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (citing *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995)).

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006) (citations omitted). Notably, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." *Id.* (citing *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (quoting *Gray v. Netherland*, 518 U.S. 152, 161 (1996))).

The four claims in the instant petition are unexhausted because Anderson did not present them to the Supreme Court of Virginia. However, if Anderson now attempted to file a state

habeas petition with the Supreme Court of Virginia, his petition would be rejected as procedurally barred because it would be filed outside the statute of limitations period. *See* Virginia Code § 8.01-654(A)(2) ("A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later."). Anderson never directly appealed his convictions. Therefore, he had to file a state habeas corpus petition with the Supreme Court of Virginia within two years from the date of final judgment, or by March 25, 1987. If Anderson attempted to file a state habeas petition today, the Supreme Court of Virginia would dismiss the petition because it would be almost twenty-seven (27) years late. Therefore, because "the procedural bar that gives rise to exhaustion is an independent and adequate state ground," all four claims in Anderson's petition "must be treated as simultaneously exhausted and procedurally barred from federal habeas review." *Sparrow*, 439 F. Supp. 2d at 588 (citing *Baker*, 220 F.3d at 288). In sum, the Court would find that all four of Andersons claims in the instant petition are both exhausted and procedurally barred from review by this Court.

Anderson may overcome procedural default by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk*, 2009 WL 742552, at *3 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Harris v. Reed*, 489 U.S. 255, 262 (1989)). First, in his opposition to the Respondent's Motion to Dismiss, Anderson does not contest that his claims are procedurally defaulted. *See generally* ECF No. 13. Moreover, he makes no claim of actual innocence, and therefore, the Court need not address any potential fundamental miscarriage of justice argument. *See* ECF No. 13 at 4 ("Additionally, the

September 2, 1984 murder was not committed with a firearm or deadly weapon . . . ."). Instead, the substance of Anderson's claim centers on his ineligibility for parole. *See generally* ECF No. 13. However, even if the Court liberally construes Anderson's papers to set forth an argument of cause and prejudice in an attempt to overcome procedural default, this argument ultimately fails.

In general, Anderson claims that he received ineffective assistance of counsel when he agreed to plead guilty back in 1985, because at that time, his attorney allegedly advised him that he would be eligible for parole. *Id.* at 2. However, in 1997, the Department of Corrections made the initial determination that Anderson was not eligible for discretionary parole pursuant to Virginia Code § 53.1-151(B)(1), because he was convicted of five qualifying offenses, e.g., rape/armed robbery, two additional separate armed robberies, and two separate murders. This decision was affirmed by the Virginia Parole Board. *See* ECF No. 11, attach. 3.

First, the evidence shows that the Virginia Parole Board affirmed Anderson's parole ineligibility in August of 1997, over sixteen years ago. ECF No. 11, attach. 2. Even if Anderson was under the impression that he was being represented by counsel, and that counsel was planning on filing a writ of habeas corpus on his behalf back in November of 1998, *see* ECF No. 1 at 16, because there is no right to counsel in collateral proceedings, any negligence by counsel will not constitute "cause" to excuse the default. *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991). Regardless, the fact remains that the Parole Board affirmed Anderson's parole ineligibility status in 1997. Anderson has failed to demonstrate sufficient cause that would excuse procedural default for filing this pleading close to seventeen years later.

Second, the exception from *Martinez v. Ryan* is inapplicable to Anderson. 132 S. Ct. 1309 (2012). There, the Supreme Court held that a procedural default will not bar a federal

habeas court from hearing ineffective assistance of counsel claims if, in the initial-review collateral proceeding in state court, there was no counsel, or counsel in that proceeding was ineffective. *Id.* However, *Martinez* does not apply when the defendant fails to initiate any state court collateral review proceeding whatsoever, as is the case here. *Jones v. Pennsylvania Bd. of Probation and Parole*, 492 F. App'x 242, 246-47 (3d Cir. July 25, 2012). Therefore, because Anderson has previously not filed any direct appeal or collateral petitions in state court, he fails to make an adequate showing of cause to overcome procedural default.

Third, to the extent Anderson's argument can be construed as attempting to overcome procedural default because of his *pro se* status, lack of education, or lack of legal training, *see* ECF No. 13 at 2, 5, those arguments also fail. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (finding petitioner's *pro se* status, lack of an education, and lack of legal training are not sufficient arguments to establish cause that would overcome petitioner's procedural default). Accordingly, the undersigned would find that Anderson's claims are procedurally defaulted and, therefore, recommends that they be dismissed.

### C. Statute of Limitations

Additionally, section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). However, in calculating the limitations period, the Court excludes, or tolls, the time during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2). Again, Anderson never directly appealed his convictions, nor did he file a state court habeas petition.

As such, the March 25, 1985 convictions became final thirty days later on April 24, 1985. *See* Va. Sup. Ct. R. 5A:6. Accordingly, without any tolling of the federal one-year statute of limitations period, because Anderson did not have any state court habeas petitions pending, Anderson was required to file his federal habeas petition by April 24, 1986. By filing his petition April 4, 2013, Anderson is almost twenty-seven years outside the statute of limitations. 28 U.S.C. § 2244(d)(1)(A). Therefore, the Court would find that Anderson's petition should be dismissed on this basis as well.

In some instances, specific circumstances warrant equitable tolling of the one-year statute of limitations period. *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding affirmative deception by attorney may warrant equitable tolling); *see also Holland v. Florida*, 130 S. Ct. 2549, 2563 (2010) (finding that egregious conduct by counsel, meaning knowing or reckless factual misrepresentation or exhibited dishonesty, may warrant equitable tolling). However, to be entitled to equitable tolling of the statute of limitations period, Anderson must demonstrate (1) that he pursued his rights diligently, and (2) that some extraordinary circumstance stood in his way that prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549 (2010).

The Fourth Circuit has cautioned that the application of equitable tolling "be guarded and infrequent," and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Moreover, "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Irwin v. Dep't of Veterans*

*Affairs*, 498 U.S. 89, 96 (1990)). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the Petitioner's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris*, 209 F.3d at 330) (alteration in original). "Accordingly, under [the Fourth Circuit's] 'extraordinary circumstances' test, [the Petitioner] is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246. The Court would find that Anderson wholly fails to qualify for equitable tolling.

Anderson was apparently aware that an attorney was appealing the Department of Corrections parole ineligibility determination to the Virginia Parole Board on March 19, 1997, and he attaches this letter to his opposition brief. ECF No. 13 at 26. The Virginia Parole Board returned a decision affirming Anderson's ineligibility on August 29, 1997. ECF No. 11, attach. 2. Anderson claims, however, that he never received the letter from the Virginia Parole Board affirming his parole ineligibility. *Id.* at 3 (citing ECF No. 11, attach. 2). Indeed, there is no evidence in the record that Anderson actually received this notice. However, even if he did not actually receive notice of this determination by the parole board, Anderson still fails to allege any specific facts that would show he acted diligently in pursuing his claim. *See, e.g., Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (finding petitioner's "conclusory statement that he 'diligently pursued his rights and remedies' will not suffice"). Simply put, Anderson gives no reason whatsoever for waiting close to sixteen years to seek habeas relief. He provides no factual support to show that he acted with due diligence, or that there were extraordinary circumstances beyond his control and external to his own conduct the prevented him from filing

10

this petition on time. *Rouse*, 339 F.3d at 246. To the extent Anderson attempts to argue that he is entitled to equitable tolling on the basis of attorney neglect or negligence for failing to file a timely petition, because Anderson does not have a right to counsel under the Sixth Amendment in collateral proceedings, counsel's actions, or lack thereof, generally will not constitute grounds to equitably toll the statute of limitations. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). Regardless, Anderson fails to allege facts to support any claims of egregious conduct or malfeasance by an attorney.

Under *Holland v. Florida*, Anderson must demonstrate the existence of a "causal connection" between an extraordinary circumstance and the inability to file a timely petition. 130 S. Ct. 2549. Anderson has failed to make such a showing. Accordingly, the undersigned would find that he has not diligently pursued his claim, nor are there any extraordinary circumstances before the Court that would entitle him to equitable tolling. Therefore, the Court would recommend that Anderson's petition be dismissed as time-barred.

## III. RECOMMENDATION

For these reasons, the undersigned finds Anderson's claims are procedurally defaulted and time-barred and, therefore, **RECOMMENDS** the Respondent's motion to dismiss, ECF No. 10, be **GRANTED** and Anderson's petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C);

11

FED. R. CIV. P. 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 11, 2014

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Anthony Anderson, #1123869
Powhatan Correctional Center
3600 Woods Way
State Farm, Virginia 23160
*Pro Se* Petitioner

Mr. Eugene Paul Murphy, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for Respondent

Fernando Galindo
Clerk of the Court

By:
Deputy Clerk
February ___, 2014